STATE

v.

Cory J. ROBERTS.

No. 96–184–C.A..

Supreme Court of Rhode Island.

July 8, 1997.

Annie Goldberg, Aaron Weisman, Providence, for Plaintiff.

Mary E. Levesque, Middletown, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER and FLANDERS, JJ.

**OPINION**

PER CURIAM.

This case came before the court for oral argument April 11, 1997, pursuant to an order that had directed the state to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

■ Cory J. Roberts, who had applied for post-conviction relief pursuant to the provisions of G.L.1956 chapter 9.1 of title 10, has appealed from the denial of his request for the appointment of counsel in aid of his application. A justice of the Superior Court denied the request pursuant to an Executive Order (No. 94–2) issued by the Chief Justice of the Supreme Court. This Executive Order, though it did not directly address the appointment of counsel on post-conviction-relief applications, generally stated that owing to insufficient appropriations, counsel would be appointed only when constitutionally required. It is undisputed that the appointment of counsel in aid of a post-conviction proceeding is not required by the Federal Constitution. *Pennsylvania v. Finley,* 481 U.S. 551, 557, 107 S.Ct. 1990, 1994, 95 L.Ed.2d 539, 547 (1987). However, § 10–9.1–5 reads as follows:

"An applicant who is indigent *shall be entitled* to be represented by the public defender. If the public defender is excused from representing the applicant because of a conflict of interest or is otherwise unable to provide representation, *the court shall assign counsel to represent the applicant.* An indigent applicant is entitled, to the extent deemed appropriate by the court, to be provided with stenographic, printing and other costs necessary to proceed under this chapter." (Emphases added.)

This statute requires the appointment of counsel for an indigent applicant when the Public Defender is not available. We have held that *a public official may not expend public funds in the absence of a valid appropriation by the Legislature. In re John Doe,* 120 R.I. 885, 896, 390 A.2d 390, 396 (1978). We have further held in *Roe v. Affleck,* 120 R.I. 679, 691–92, 390 A.2d 361, 368 (1978), that although an applicant for medical benefits was eligible for assistance under the relevant statute, the director of the De-

partment of Mental Health, Retardation, and Hospitals could deny such assistance because the Legislature had not provided appropriations sufficient to implement aid to all eligible applicants. In the absence of an adequate appropriation in the annual budget, a public official is constrained to withhold services since the annual budget adopted by the Legislature in statutory form has all the force of law. *In re John Doe,* 120 R.I. at 896, 390 A.2d at 396.

██ However, subsequent to the presentation of oral argument in this case, the Chief Justice has been assured of legislative funding sufficient to implement the provisions of § 10–9.1–5. He has consequently issued an Executive Order authorizing such expenditures. A copy of that order is attached hereto as appendix A.

Although the trial justice was correct in following Executive Order No. 94–2 in the circumstances obtaining at the time of his decision, the more recent Executive Order is now controlling.

For the reasons stated, the appeal of the applicant is sustained pro forma. The papers in the case are remanded to the Superior Court with directions to appoint counsel for the applicant provided that he presents satisfactory proof of indigence and also persuades the court that the Public Defender is not available to represent him for any of the reasons set forth in § 10–9.1–5.

GOLDBERG, J., did not participate.

APPENDIX A

Supreme Court

No. 97–03

### EXECUTIVE ORDER

1. Having received assurance of adequate funding for this particular purpose, the appointment of counsel to represent indigent applicants for post-conviction remedies pursuant to G.L. 1956 § 10–9.1–5 is hereby authorized.

2. As the statute provides, an applicant who is indigent shall be referred to the Public Defender. If the Public Defender is ex-

cused from representing the applicant because of a conflict of interest or otherwise, a justice of the Superior Court shall assign counsel to represent the applicant.

3. The cost incurred for services of counsel on post conviction applications shall be so designated on the attorney's invoice in order to justify additional funding for this purpose.

Entered as an Executive Order this 15th day of May 1997.

Enter:

Joseph R. Weisberger

Joseph R. Weisberger

Chief Justice

> By Order,
> [Signature]
> Clerk